# FILED
# UNDER
# SEAL

Prob12C
D/NV Form
Rev. March 2017

**United States District Court
for
the District of Nevada**

**PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Alexander Kostan**

Case Number:  **2:21CR00081**

Name of Sentencing Judicial Officer: **Honorable Andrew P. Gordon**

Date of Original Sentence: **July 22, 2021**

Original Offense: **Depredation against Property of the United States**

Original Sentence: **36 Months Probation**

Date Supervision Commenced: **July 22, 2021**

**PETITIONING THE COURT**

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of
supervision:

1.  **Restitution** - You must make restitution in accordance with 18 U.S.C. §§ 3663 or 3663A
    or any other statute authorizing a sentence of restitution. (Supervised Release cases only)

    According to Court Records (OPERA), Kostan has only made three (3) payments since
    commencement of supervision, totaling $120. Kostan's total outstanding restitution
    balance is at $61,686.72. (Special Condition)

2.  **Work Full Time** - You must work full time (at least 30 hours per week) at a lawful type
    of employment, unless the probation officer excuses you from doing so. If you do not
    have full-time employment you must try to find full-time employment, unless the
    probation officer excuses you from doing so. If you plan to change where you work or
    anything about your work (such as your position or your job responsibilities), you must
    notify the probation officer at least 10 days before the change. If notifying the probation

**RE: Alexander Kostan**

Prob12C
D/NV Form
Rev. March 2017

officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (Standard Condition)

1) During a home visit on December 13, 2023, Kostan advised she is only employed doing "drag shows," but has not provided any verification of her earnings during these shows.

2) On August 29, 2023, Kostan sent this officer a test message updating her employment information, indicating she began working at Precision Opinion as of August 28, 2023. It should also be noted, this officer has not received any verification of this employment.

3. **Follow Instructions Of Probation Officer** - You must follow the instructions of the probation officer related to the conditions of supervision.

   During a home visit on December 13, 2024, Kostan was instructed to update her monthly supervision reports. She advised she would report to the office and complete them by Friday, December 15, 2023. She has not reported to the probation office, nor has she submitted any monthly supervision reports since that conversation. (Standard Condition)

4. **Mental Health Treatment** – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

   On June 14, 2022, Kostan completed a comprehensive mental health assessment and was recommended to attend treatment. However, Kostan was unsuccessfully discharged due to sporadic attendance. The clinician indicated that Kostan completed eight (8) out of 12 sessions, over a nine-month period. (Special Condition)

5. **Community Service** – You must complete 160 hours of community service within 24 months. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

   As of this date, Kostan has only completed 59 hours of community service, failing to meet the required 160 hours in 24 months. It should be noted that Kostan was reminded on multiple occasions to complete her community service hours. (Special Condition)

**RE: Alexander Kostan**

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

      ☒ Revoked

I declare under penalty of perjury that the
information contained herein is true and correct,

Executed on **February 21, 2024**



Digitally signed by
Kamuela Kapanui
Date: 2024.02.23
15:35:57 -08'00'

Kamuela K Kapanui
United States Probation Officer

Approved:

Digitally signed by
Amberleigh Barajas
Date: 2024.02.21 22:45:49
-08'00'

Joy Gabonia
Supervisory United States Probation Officer

---

*THE COURT ORDERS*

---

☐      No Action.
☐      The issuance of a warrant.
☑      The issuance of a summons.
☐      Other:

_____
Signature of Judicial Officer

February 23, 2024
_____
Date

**RE: Alexander Kostan**

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
### UNITED STATES V. ALEXANDER KOSTAN,  2:21CR00081

### SUMMARY IN SUPPORT OF PETITION FOR SUMMONS
**February 21, 2024**

On July 22, 2021, Kostan was sentenced to three (3) years Probation for committing the offense of Depredation against Property of the United States. Kostan's term of probation commenced on that same date.

Per Kostan's conditions of supervision, she was subject to mental health counseling as directed by the Probation Office. As noted above, she missed multiple scheduled sessions and was ultimately removed from treatment as an unsuccessful discharge. Despite needing and benefiting from the counseling, Kostan did not make attending treatment a priority. Further, according to the Presentence Report in this case, Kostan failed to report for four (4) scheduled treatment sessions in less than four (4) months while on Pretrial Services supervision in 2021.

Although Kostan had a period of unemployment due to a vehicular accident, she claimed to be employed through Precision Opinion as well as performing in "drag shows." Despite being employed, Kostan has not been close to current on her Court-ordered restitution. As listed in the allegation portion of this report, Kostan has only made three payments in over two (2) years of being on supervision, totaling only $120.

Regarding her community service, Kostan has only completed 59 hours of the required 160 to date. Kostsan was provided with the community service referral packet with numerous entities to complete her hours. It should be noted that she requested two non-profit companies that were not on the approved list, and this officer obliged. However, she then asked to complete her hours at a third non-profit organization to give back to the "trans community" which this officer denied, citing she needs to pick from the list provided. This officer was concerned that based on her lack of ability to sustain majority of her requirements on supervision, we would continue in a cycle of never-ending switching companies. As listed previously, Kostan has not been able to consistently maintain monthly supervision reports, mental health treatment sessions, employment, and restitution payments.

As the Court is aware, Kostan has a criminal history category of I and aside from a Trespass conviction and traffic violations, has no other criminal history. Due to this fact, our office does not view Kostan as a significant risk of nonappearance or danger to the community. However, it does not appear she is amenable to supervision, as she is either unwilling or unable to abide by the conditions set forth by this Court. As a result, our office respectfully requests a summons be issued to initiate revocation proceedings.

**RE: Alexander Kostan**

Prob12C
D/NV Form
Rev. March 2017

Respectfully submitted,

Digitally signed by
Kamuela Kapanui
Date: 2024.02.23
15:36:52 -08'00'

Kamuela K Kapanui
United States Probation Officer

Approved:

Digitally signed by
Amberleigh Barajas
Date: 2024.02.21 22:46:49
-08'00'

Joy Gabonia
Supervisory United States Probation Officer